UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 08-  *08-190*  (RJL) |
| v. | : | **FILED** |
| JOSE BLANCO RIVERA, | : | AUG 0 6 2008 |
| Defendant. | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

### STATEMENT OF OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, defendant **JOSE BLANCO RIVERA** ("**BLANCO**") and the United States agree and stipulate as follows:

1. Foreign nationals are eligible to obtain District of Columbia driver's licenses if they have proof that they are legally present in the U.S. and can continue to stay in the U.S. for at least another six months. A foreign national must also present proof of his name, date of birth, social security number, and District of Columbia residency. The District of Columbia Department of Motor Vehicles ("DMV") has specifically limited the types of documentation it will accept. For example, original birth certificates, unexpired passports, or resident alien cards can prove an individual's identity (i.e., name and date of birth). In addition to tendering the required documentation, a foreign national must complete and sign a driver's license application, certifying that the information contained therein is correct and accurate. The DMV employee processing the application is required to identify on the application the type of documentation that was presented by the applicant.

2. Applicants for driver's licenses must pass the following three tests: vision screening, knowledge and street sign recognition, and "skills road." Applicants who possess a

1

valid driver's license from another state, however, are only required to pass the vision screening test. Applicants who possess a valid driver's license from a foreign jurisdiction need not take the road test, but must successfully pass the vision screening and knowledge and street sign recognition tests.

3. Defendant **BLANCO** had obtained a valid driver's license from Virginia, the jurisdiction where he resides, but it had been suspended upon his conviction for Driving Under the Influence in 2004. Sometime before November 7, 2006, a co-worker, Salvador Diaz ("Diaz"), told defendant **BLANCO** that he could obtain a D.C. driver's license from the DMV if he had a social security number and paid Diaz $500. Defendant **BLANCO** agreed.

4. On or about November 7, 2006, after work, Diaz drove defendant **BLANCO** to the Brentwood DMV branch. Defendant **BLANCO** went there with the intention of purchasing a fraudulent D.C. driver's license, an item of value that authorizes an individual to drive and serves as a photographic identification card. When they arrived at the DMV, Diaz instructed defendant **BLANCO** to go inside the DMV, sit down, and wait for the only Spanish-speaking DMV employee, a short Hispanic woman, to assist him. Before he got out of Diaz's car, defendant **BLANCO** paid Diaz $500 in $100 and $20 bills.

5. Defendant **BLANCO** went inside the DMV, sat down, and waited until the Hispanic DMV employee, Patricia Gonzalez ("Gonzalez"), was no longer busy. Then, defendant **BLANCO** approached Gonzalez's counter, told her that Salvador had sent him, and gave her his Social Security number. Gonzalez asked defendant **BLANCO** whether he had a Virginia driver's license, and he told her it had expired. Defendant **BLANCO** then wrote his mother-in-law's District of Columbia address on a piece of paper and gave it to Gonzalez. Defendant

**BLANCO** did not complete an application, provide verification of D.C. residency or legal presence in the U.S., or take the vision, knowledge, and road skills tests. After defendant **BLANCO** paid the $39 fee, Gonzalez directed him to another customer service station to have his photograph taken. Shortly thereafter, his name was called, and defendant **BLANCO** was given a facially valid D.C. driver's license that falsely bore a D.C. address of 1841 Columbia Road, N.W.

_____
**JOSE BLANCO RIVERA**, Defendant